## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

NESTOR LEON,                            )
                                        )
          Petitioner,               )
                                        )
v.                                      )        Case No. CIV-21-589-HE
                                        )
S.R. GRANT, Warden,                     )
                                        )
          Respondent.               )

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing pro se, filed a petition for habeas corpus relief under 28 U.S.C. § 2241, alleging prison officials deprived him of his due process rights because he did not receive the Disciplinary Hearing Officer's (DHO) report, which he needed to appeal his disciplinary proceeding. Doc. 1.[1] Respondent has moved to dismiss, arguing the issue is now moot. Doc. 9. The undersigned agrees and recommends granting the motion to dismiss. United States District Judge Joe Heaton has referred the matter to the undersigned magistrate judge for initial proceedings under 28 U.S.C. § 636(b)(1). Doc. 5.

---

[1]     When he filed the petition, Petitioner was housed in the Western District of Oklahoma. *See* Doc. 1, at 1.

I.    **Petitioner's complaints are now moot as he has received a copy of the DHO report.**

While housed at USP-Leavenworth, on September 4, 2019, a DHO found Petitioner guilty of possession of intoxicants. Doc. 9, at 2. As a result, the DHO sanctioned Petitioner to the loss of forty-one days' of good-credit time. *Id.* Petitioner claims he "was deprived of an administrative remedy in which his due process rights were violated when institution staff failed to provide or draft a D.H.O. report that underlined the specific reasons [he] was found guilty and deprived of good time 41 days." Doc. 1, at 8.

Respondent acknowledges that the Bureau of Prisons did not document that it provided Petitioner with a copy of the DHO report before July 28. 2021. Doc. 9, at 4. BOP documented it provided Petitioner a copy on July 28, 2021. *Id.* Ex. 1, at 3.

The DHO report "inform[ed Petitioner] of the right to appeal the action within twenty calendar days under the BOP's administrative remedy program." Doc. 9, at 6. And Respondent states Petitioner "may appeal the DHO's findings and sanctions through BOP's Administrative Remedy Program." *Id.* at 8.

Under the relevant regulations, 28 C.F.R. § 541.8(h) provides:

Written Report. You will receive a written copy of the DHO's decision following the hearing. The DHO is not required to prepare a verbatim record of the hearing. The DHO's written report will document the following:

2

        (1) Whether you were advised of your rights during the DHO
            process;
        (2) The evidence relied on by the DHO;
        (3) The DHO's decision;
        (4) The sanction imposed by the DHO; and
        (5) The reason(s) for the sanction(s) imposed.

*Id.* BOP Program Statement 5270.09 states that "[t]he DHO prepares a record of the proceedings. The evidence, decision, and reasons for actions taken must be specific, unless this would jeopardize security. The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days of the decision." BOP Program Statement 5270.09, at 35.[2]

      Petitioner acknowledges he received a copy of the DHO report after he filed his petition. *See* Doc. 10, at 1, 3. The Court recognizes that Respondent does not concede Petitioner did not receive the DHO report sooner but does concede there is no BOP record of delivery until July 28, 2021. Doc. 11, at 5. The Court notes that even the date BOP alleged Petitioner received the DHO report (January 8, 2020) is well past the fifteen-day aspirational BOP Program Statement date for delivery. Doc. 10, at 12.

---

[2]   BOP     Program     Statement     5270.09     is     available     at
https://www.bop.gov/policy/progstat/5270_009.pdf.

**A.**    **Petitioner's administrative exhaustion attempts and his alleged inability to prepare a defense.**

On October 12, 2019, Petitioner filed a grievance with the Warden at FCI Leavenworth raising the issue of the DHO report. Doc. 1, at 6. Petitioner states he did not hear back from the Warden. *Id.*

In response to the motion to dismiss, Petitioner argues first that on December 2, 2019, he did administratively exhaust his appeal, and in doing so noted he did not receive the DHO report. Doc. 10, at 2. He states the regional administrator found Petitioner had received the DHO report on January 8, 2020 and suffered no adverse effects. *Id.* Petitioner also maintains the central office affirmed the denial of his appeal. *Id.* at 3. He argues that the two-year delay in his receipt of the report impeded his ability to mount a defense of innocence. *Id.* at 3-4.

Respondent counters that Petitioner offered no such defense during the hearing, indeed no defense, citing the DHO report. Doc. 11, at 3-5. The DHO considered the incident report, photographs of the contraband from Petitioner's cell, and the ALCO-SENSOR III test results. *Id.* at 5. The DHO drew an adverse inference based on Petitioner's silence and gave greater weight to the reporting officer's written statement. *Id.* at 5. The Court agrees with Respondent that at least some evidence supports the DHO's finding that Petitioner committed the prohibited act of possession of intoxicants. *Id.* at 7-8;

4

*see Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 812 (10th Cir. 2007) (holding contraband found in petitioner's shared cell constituted "'some evidence' sufficient to support the disciplinary sentence on a theory of constructive possession").

### B.    Petitioner's claim is moot.

While the Court is concerned about the significant delay before Petitioner's confirmed receipt of the DHO report (nearly two years later, and only after the filing of the petition), it finds the Court should dismiss Petitioner's claim as moot. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (citation omitted); *see also Shahan v. Ormond*, 2018 WL 6681210, at *4 (E.D. Va. Dec. 19, 2018) (finding that Petitioner, "after filing this action, [] received the DHO Report" and concluding that his claim over his failure to receive the DHO Report was moot), *aff'd*, 778 F. App'x 217 (4th Cir. 2019).

As for the timeliness of Petitioner's receipt of the DHO report, 28 C.F.R. § 541.8(h) does not set forth any time requirements for the delivery of the DHO's report, and BOP Program Statement 5270.09 is only advisory, providing that "ordinarily" the inmate is given a copy of the DHO's report within fifteen days. *See* 28 C.F.R. § 541.8(h); BOP Program Statement 5270.09, at 35; *cf. Mendoza v. Tamez*, 451 F. App'x 715, 717 (10th Cir. 2011) (explaining

that a regulation stating that the BOP should "ordinarily" provide written disciplinary charges to inmates within a day was advisory); *Staples v. Chester*, 370 F. App'x 925, 929 (10th Cir. 2010) (explaining that a regulation stating that "'[t]he DHO shall give the inmate a written copy of the decisions and disposition, ordinarily within 10 days of the DHO's decision'" did not "require that the DHO must issue a copy within ten days (only that it ordinarily must do so)") (citation omitted). Even liberally construing Petitioner's claims to allege that staff violated BOP regulations by failing to provide him with a copy of the DHO report within the advisory fifteen-day period, the staff's failure to abide by such internal directives does not give rise to a claim for habeas relief. *Staples*, 370 F. App'x at 930; *see also Staples v. Maye*, 711 F. App'x 866, 869 (10th Cir. 2017).

In *Maye*, Mr. Staples appealed five months after his hearing, noting he never received his DHO report, "a necessary attachment for his appeal." 711 F. App'x at 868.

> Though Staples identified the date and charged infractions that were the subject of his appeal, the Regional Office rejected the appeal as untimely and as incomplete because he had failed to attach the written DHO report.
>
> So, [] Staples appealed that rejection to the BOP Central Office. [T]he Central Office agreed with the Regional Office's rationales for rejecting Staples's appeal. It told Staples to "OBTAIN A STAFF MEMO STATING THE REASON FOR YOUR UNTIMELINESS AND RESUBMIT YOUR APPEAL TO THE REGION." R. vol. 1 at 120. Staples apparently did not do so, claiming that by the time he

> received the Central Office's rejection, he was no longer
> incarcerated at the prison where the alleged offense had occurred.
> R. vol. 1 at 260. Staples claimed that it would have been "next to
> impossible" to obtain a staff memo explaining his untimeliness
> . . . .

*Id.* at 868-69.

There, the court held Mr. Staples responsible for knowing and abiding by the appeals process and determined his failure to appeal within twenty days of the hearing proved fatal to his appeal. *Id.* at 869 ("Had he filed his appeal in a timely manner, it would have suffered only one defect—failure to attach the DHO's written report—which he could likely have overcome by explaining in his appeal that he had not yet received the written report.").

Here, "although the DHO should have provided [Petitioner] with its written report in time to allow him to properly file his appeal," the Court finds he was similarly "not deprived of due process." *Id.*; *see also Howard*, 487 F.3d at 812.

## II. Recommendation and notice of right to object.

For the reasons stated above, the undersigned recommends that the Court grant the motion to dismiss. Doc. 9.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court **on or before October 14, 2021**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that the failure to file a timely objection

to this Report and Recommendation waives the right to appellate review of both the factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in the captioned matter.

**ENTERED** this 23rd day of September, 2021.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE